IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                           |   |                    |
|---------------------------|---|--------------------|
| ROBERT L. BARNETT,        | ‖ |                    |
|                           | ‖ |                    |
|          Plaintiff,       | ‖ |                    |
|                           | ‖ |                    |
| vs.                       | ‖ | No. 04-2878-Ml/V   |
|                           | ‖ |                    |
| MARK LUTTRELL, JR., et al., | ‖ |                  |
|                           | ‖ |                    |
|          Defendants.      | ‖ |                    |
|                           | ‖ |                    |

---

ORDER GRANTING LEAVE TO AMEND
ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $150 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Robert L. Barnett, RNI number 162920,[1] an inmate at the Shelby County Detention Correctional Center ("SCCC") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 26, 2004 in connection with his previous confinement at the Shelby County Criminal Justice Complex ("Jail"), where his booking number was 04118660. The Clerk shall record the defendants as Shelby County Sheriff Mark Luttrell, Jr. and James Coleman.

The plaintiff has also filed a number of additional documents. On October 6, 2005, plaintiff filed a document, entitled

---

[1]    Plaintiff's Tennessee Department of Correction prisoner number is 148863.

"Trial Memoranda of Law and Facts," that purports to set forth his legal contentions. On October 12, 2005, the plaintiff filed a document, entitled "Affidavit of Complaint In support of Motion Under 28 USC 1915," which purports to add a claim against a J. Hicks. On October 12, 2005, the plaintiff filed another document, entitled "Affidavit of Complaint in Support of Motion under 28 USC 1915," that purports to assert a claim against Correctional Medical Services ("CMS"). The Court CONSTRUES the two filings on October 12, 2005 as motions seeking leave to amend and, as so construed, GRANTS the motions. Finally, on February 6, 2006, plaintiff submitted a motion, entitled "Motion Pleading Special Matters," that purports to submit evidentiary support for his claims.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit that contains a certification by the trust fund account officer. Although the plaintiff has not submitted a certified trust fund account statement, the information supplied by the plaintiff is sufficient

---

[2]   Because this complaint was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a certified copy of his trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but

only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCCC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

4

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  <u>Analysis of Plaintiff's Claims</u>

The complaint alleges that, on June 26, 2004, a Mrs. Webb from the Medical Department informed the plaintiff that he had been exposed to tuberculosis,[3] and he contends that that exposure left him mentally unbalanced. Mrs. Webb had apparently told the plaintiff the same thing in 2002. This time, the plaintiff says he was taken to the Jail clinic for a chest x-ray on July 1, 2004, which showed a black spot on his lung. The plaintiff complains that he did not receive treatment at that time. Defendant Coleman was allegedly made aware of the plaintiff's condition and sent him back to the Memphis/Shelby County Health Department on July 27, 2004, where he tested positive for tuberculosis. The plaintiff asserts that, at the time the complaint was filed, he has had untreated tuberculosis for three years.

In his October 6, 2005 filing, the plaintiff asserts that new inmates entering the Jail should receive medical screenings.

In his October 12, 2005 filing concerning J. Hicks, the plaintiff asserts that he filed a grievance against Hicks on July

---

[3]     Although the text of the complaint describes Mrs. Webb as a defendant, she is not listed as a defendant on either the first page of the complaint or in the section asking for a listing of all defendants. She is not, therefore, a party to this action.

2, 2004 for unspecified reasons and Hicks retaliated against him in an unspecified manner.

In his October 12, 2005 filing concerning CMS, plaintiff asserts that, on July 3, 2004, he requested that a "kat skin" test (which probably means a cat scan test) be performed on his head, but his request was refused.

In his February 6, 2006 filing, the plaintiff submitted copies of his medical records from the Regional Medical Center at Memphis, dated November 30, 2005, concerning the extraction of a tooth. Other records, dated November 2, 2005, concern headaches. These documents have no relevance to the subject-matter of this lawsuit.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a district court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v.

<u>Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

<u>Id.</u> at 642; <u>see also</u> <u>Boyd v. Corrections Corp. of Am.</u>, 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), <u>cert. denied</u>, 125 S. Ct. 1639 (2005); <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a <u>sua</u> <u>sponte</u> dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently has held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. <u>Jones Bey v. Johnson</u>, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to his claims. No copies of grievances, or responses to grievances, are attached to the complaint. The complaint alleges that the plaintiff filed two grievances while at the Jail, and the maters were deemed grievable. The complaint does not disclose the resolution of those grievances. There also is no indication that the plaintiff exhausted, or attempted to exhaust, his retaliation claim against defendant Hicks.

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua</u> <u>sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v.</u> <u>United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a

8

complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 27th day of February, 2006.

/s/ Jon P. McCalla

---

[4]   Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

9

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE